Affirmed and Memorandum Opinion
filed February 1, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00548-CR



Quentin DeWayne
Ridley, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 10th District Court

Galveston County, Texas

Trial Court
Cause No. 09CR1173



 

MEMORANDUM OPINION 

Appellant, Quentin DeWayne Ridley, appeals from his
conviction for burglary of a habitation.  A jury found appellant guilty, and the
trial judge assessed his punishment at 28 years in prison.  In his sole issue
on appeal, appellant contends that his conviction should be overturned because
he received ineffective assistance of counsel due to trial counsel’s failure to
raise a particular defense or any defense.  We affirm.

Discussion

            The parties are
well-acquainted with the facts of this case, so we need not recount them in
detail here.  Appellant was charged with burglary of a habitation.  At trial,
the owners and residents of the house in question, Henry Helms and Ruby Helms,
testified that they awoke one morning to find that their bathroom window had
been broken into and various items removed from the house.  They also testified
to finding a wallet on the bathroom floor.  Detective Frank Price of the
Dickinson Police Department indicated in his testimony that appellant became a
suspect in the case because items contained in the wallet found at the scene
appeared to belong to him, including a driver’s license.

As stated above, in his sole issue, appellant
contends that he received ineffective assistance of counsel because his trial
counsel failed to raise a defense.  The Sixth Amendment to the United States
Constitution guarantees the right to reasonably effective assistance of counsel
in criminal prosecutions.  U.S. Const. amend. VI; McMann v. Richardson,
397 U.S. 759, 771 n.14 (1970).  In reviewing an ineffective assistance claim,
an appellate court “must indulge a strong presumption that counsel’s conduct
[fell] within the wide range of reasonable professional assistance; that is,
[appellant] must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.”  Strickland v. Washington,
466 U.S. 668, 689 (1984).  Under the two‑pronged Strickland test, in
order to demonstrate ineffective assistance of counsel, a defendant must first
show that counsel=s
performance was deficient, i.e., that his assistance fell below an
objective standard of reasonableness; second, a defendant must affirmatively prove
prejudice by showing a reasonable probability that, but for counsel=s unprofessional errors,
the result of the proceeding would have been different.  Thompson v.  State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.  Id.  at 813.  Appellant bears
the burden of proving by a preponderance of the evidence that counsel was
ineffective.  Id.

In his brief, appellant specifically charges that his
trial counsel “never raised the issue that the defendant’s wallet was planted
at the crime scene by the real burglar . . . never made that argument or
mentioned the possibility of the defendant’s wallet [being] planted.”  Appellant
then concludes that “[t]rial counsel rested without calling any witnesses or
asserting any theory of the case on the Defendant’s innocence to the jury.”[1]  We
disagree with appellant’s allegation that counsel failed to raise a defense and
specifically that counsel failed to suggest to the jury that the wallet could
have been left at the scene by someone other than appellant.

During voir dire, the issue of whether evidence could
be “planted” or a suspect “framed” for a crime was raised, and several jurors
expressed concern regarding those possibilities.  As the trial progressed,
defense counsel repeatedly emphasized three themes:  (1) the scarcity of
evidence suggesting appellant was the burglar, (2) perceived deficiencies in
the police investigation, and (3) the lack of evidence establishing that
appellant possessed the wallet around the time of the burglary.  Specifically
regarding the third theme, counsel questioned witnesses about the fact that the
wallet was moved prior to arrival of the police at the scene, the fact
appellant told police (after being arrested on the burglary charge) that he had
lost his wallet, and the fact that the wallet was not checked for
fingerprints.  During closing argument, counsel revisited each of the themes
and particularly emphasized the third, concluding that had the police
fingerprinted the wallet, “it might have said who the real burglar was.”

Although counsel never said the words “planted” or
“framed,” the implication from his cross-examination of the witnesses and closing
argument was clear:  the actual burglar conceivably could have planted
appellant’s wallet at the scene to frame appellant.  Further, while counsel did
not call any additional witnesses for direct examination, the record
demonstrates that counsel was able to present a defense through
cross-examination of the State’s witnesses.  See In re A.D., 287 S.W.3d
356, 366 (Tex. App.—Texarkana 2009, pet. denied) (declining to hold counsel’s
performance was deficient where counsel was able to get information into
evidence through cross-examination of State’s witness).[2]  Accordingly,
appellant has failed to meet the first prong of Strickland because he
has failed to demonstrate that counsel=s
performance was deficient.  See Thompson, 9 S.W.3d at 812.  We overrule
appellant’s sole issue.

            The trial court’s
judgment is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant does not challenge the sufficiency of the evidence to support the
conviction.  





[2]
It is also well-established that to obtain relief on an ineffective assistance
of counsel claim based on failure to call a witness, an appellant must show the
witness’s availability to testify and that his or her testimony would have been
of some benefit to the defense.  See, e.g., Ex parte White, 160
S.W.3d 46, 52, (Tex. Crim. App. 2004) (orig. proceeding).  Appellant here has
not demonstrated or even suggested that any uncalled witnesses could have
supported the defense.